IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLARD B SIMMONS, JR., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:25-00124-KD-N |
| | ) |
| UNITED STATES ARMY CORPS | ) |
| OF ENGINEERS, | ) |
|     Defendant. | ) |

## ORDER

This civil action, brought under the Administrative Procedure Act ("APA"), is before the Court on the "Motion to Complete the Administrative Record" (Doc# 19), "Motion for Consideration of Extra-Record Materials" (Doc# 20), and "Motion for Discovery" (Doc# 21), all filed September 19, 2025, by the Plaintiff, Willard B. Simmons, Jr., as permitted by the Court's "Case Management Order" (Doc# 13).[1] In accordance with the Court's briefing schedule for said motions (*see* Doc# 13), the Defendant, the United States Army Corps of Engineers ("the Corps"), timely filed an omnibus response to said motions (Doc# 24), and Simmons timely filed a reply (Doc# 25) to the response. The motion are now under submission and ripe for disposition.

In their briefing, the parties agree that they have resolved all issues raised in the "Motion to Complete the Administrative Record" (Doc# 19), and that said motion is therefore due to be found moot. Upon due consideration of the other two motions,

---

[1] The assigned District Judge has referred said motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/19/2025 electronic reference notation).

the undersigned finds that oral argument is unnecessary, and that the other two motions are due to be denied for the reason stated herein.

Both parties agree that this action for review of a Corps decision under the Clean Water Action is governed by the APA. In APA actions, "[t]he focal point for judicial review…should be the administrative record. The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision. Rather, the task of the reviewing court is to apply the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citations and quotation omitted). "[W]hile certain circumstances may justify going beyond the administrative record, a court conducting a judicial review is not generally empowered to do so." *Id.* (quotation marks and footnote omitted). *Accord, e.g., Najjar v. Ashcroft*, 257 F.3d 1262, 1278 (11th Cir. 2001) ("the general rule, applicable across the board to judicial review of administrative action…is that the court may not go outside the administrative record" (quotation omitted)), *overruled on other grounds*, *Patel v. United States Att'y Gen.*, 971 F.3d 1258 (11th Cir. 2020) (en banc). Generally, a district court should look beyond the administrative record "only where there is initially 'a strong showing of bad faith or improper behavior' by the agency." *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (quoting *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S. Ct. 814, 28 L. Ed. 2d 136 (1971), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192

(1977)).[2]

More generally, under the Federal Rules of Civil Procedure, a motion generally cannot simply "state the relief sought[,]" but must also "state with particularity the grounds for seeking the order…" Fed. R. Civ. P. 7(b)(1). Building on that rule, the Court's local civil rules provide that "[e]very motion must state the statute, rule, or legal or equitable principle pursuant to which it is made[,]" and generally require "supporting briefs…where necessary to set forth the legal and factual basis for the relief sought." S.D. Ala. CivLR 7(a)-(b).

The undersigned agrees with the Corps that Simmons's "Motion for Consideration of Extra-Record Materials" (Doc# 20) and "Motion for Discovery" (Doc# 21) should be denied for "violat[ing] Local Rule 7(b)," as they "do not contain any legal or factual basis for the requested relief…" (Doc# 24, PageID.3288). Both motions consist of bare demands for relief, without presenting any legal argument or citation to authority in support. Moreover, given the generally heavy burden the proponent of going beyond the administrative record in an APA case must bear—a burden Simmons does not dispute, at least in principle, in his reply—it was readily apparent at the time they were filed that "supporting briefs" would be "necessary to set forth the legal and factual basis for the relief sought." S.D. Ala. CivLR 7(b).

---

[2] The Eleventh Circuit has also suggested, albeit in dicta, that "a court may go beyond the administrative record…where: 1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; [or] 3) technical terms or complex subjects need to be explained…" *Pres. Endangered Areas*, 87 F.3d at 1247 n.1 (citing *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436-37 (9th Cir. 1988)).

While Simmons's reply does provide both legal authority and particularized argument in support of his requested relief,[3] those come too late. Generally, raising arguments for the first time in a reply brief is highly disfavored, deprives non-movants of an opportunity to address them, and results in waiver or forfeiture of those arguments. *E.g.*, *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005); *Ceccanti v. Thomas*, No. 1:21-CV-195-TFM-MU, 2023 WL 4317649, at *7 (S.D. Ala. May 9, 2023) (Moorer, J.). More specific to these circumstances, allowing Simmons to provide legal justification for his requested relief for the first time in his reply would effectively shift his heavy burden to the Corps, forcing it to show, in the first instance, why he is not entitled to consideration of matters outside the administrative record. That is not how such motions are to be brought under both the procedural rules and substantive case law.

In accordance with the foregoing, Simmons's "Motion to Complete the Administrative Record" (Doc# 19) is **MOOT**, and his "Motion for Consideration of Extra-Record Materials" (Doc# 20) and "Motion for Discovery" (Doc# 21) are **DENIED**.

**DONE** and **ORDERED** this the **7th** day of **January 2026**.

                                                  */s/ Katherine P. Nelson*
                                                  **KATHERINE P. NELSON**
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[3] Notably, the reply fails to acknowledge, much less address, the Corps's argument that Simmons's motions should be denied for violating Civil Local Rule 7.