IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLARD B SIMMONS, JR.,            )
    Plaintiff,                    )
                                  )
    v.                            ) CIVIL ACTION NO. 1:25-00124-KD-N
                                  )
UNITED STATES ARMY CORPS          )
OF ENGINEERS,                     )
    Defendant.                    )

## ORDER

This civil action is before the Court on "Motion to Alter or Amend, or in the Alternative, to Clarify" filed January 21, 2026, by the Plaintiff, Willard B. Simmons, Jr. (Doc# 27).[1] Said motion has been fully briefed (Docs# 29, 30) in accordance with the Court's briefing schedule (Doc# 28), and the motion is now under submission and ripe for disposition.

On January 7, 2026, the undersigned denied Simmons's "Motion for Consideration of Extra-Record Materials" (Doc# 20) and "Motion for Discovery" (Doc# 21) because Simmons failed to "state with particularity" any substantive grounds for the relief sought in those motions and instead improperly attempted to do so for the first time in his reply to the Defendant's response. (*See* Doc# 26). Simmons's present motion requests that the undersigned set aside that denial and address the merits of

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (1/21/2026 electronic reference notation).

the substantive arguments raised for the first time in his reply, after giving the Defendant a reasonable time to respond to them. Alternatively, Simmons requests that the undersigned "clarify" the January 7 order "to allow materials not available to Defendant at the time of Defendant's decision to be included in support of Plaintiff's motion for summary judgment." (Doc# 27, PageID.3313). Upon due consideration, the Simmons's "Motion to Alter or Amend, or in the Alternative, to Clarify" (Doc# 27) is **DENIED** in its entirety for the reasons stated in section III ("Argument") of the Defendant's response in opposition (Doc# 29),[2] and for the additional following reasons.

Simmons argues that allowing the Defendant to file a surrpely to his reply, to make up for his failure to present substantive argument in his initial motions, is "entirely consistent with the principles enunciated in Federal Rule of Civil Procedure 1" (Doc# 27, PageID.3312), which states in relevant part that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every [civil]

---

[2] While the undersigned agrees with the Defendant that the present motion is properly construed as a motion under Federal Rule of Civil Procedure 54(b) to reconsider or revise an interlocutory order prior to entry of final judgment, the undersigned does not agree with the Defendant's assertion that such relief is categorically "an extraordinary remedy" to be "employed sparingly." In support of that proposition, the Defendant quotes a May 2024 opinion from this Court, which in turn quoted a 2006 decision of another Alabama federal district court. However, on October 11, 2024, the Eleventh Circuit Court of Appeals clarified the standards governing Rule 54(b) motions to reconsider, holding, "[i]n short, [that] district courts have discretion to revisit their prior interlocutory orders, considering both the weight of the moving party's arguments and the disruption that a change would cause in light of the time that has passed since the decision was initially made." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1381 (11th Cir. 2024).

action and proceeding." The undersigned disagrees.

As an initial matter, surreplies are recognized as exceptions to normal briefing practice, *see First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (per curiam) (unpublished) ("A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." (quotation omitted));[3] *Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017) ("surreply briefs are rare and discouraged in most districts"), and are generally " 'discouraged because of the inefficiencies inherent in an interminable thrust-and-parry debate between the parties[.]' " *Shedd v. Wells Fargo Bank, N.A.*, No. CV 14-0275-WS-M, 2016 WL 3264127, at *1 n.1 (S.D. Ala. June 13, 2016) (alteration added) (quoting *Wood v. B.C. Daniels, Inc.*, 2008 WL 2163921, at *1 n.1 (S.D. Ala. May 21, 2008)). Simply as a matter of raw numbers, regularly allowing for surreplies means a court would have to consider four briefs instead of three when deciding motions, which would have the effect of prolonging the disposition of motions and increasing expenses for the non-movant in having to write two briefs instead of just one. In general, such would serve neither the "speedy" or

---

[3] A court also has discretion to simply decline to consider new arguments raised in a reply brief, which is what occurred here. *See* (Doc# 20); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("Appellants contend that the district court had no 'permissible choice' but to allow a surreply once it had accepted the materials in Seagate's reply. That contention is incorrect. Having accepted the reply brief, the district court in fact had two permissible courses of action. It could either have permitted a surreply or…it could have refrained from relying on any new material contained in the reply brief.").

"inexpensive" determination goals of Rule 1.

More specific here, and as noted in the January 7 order, the parties agree that resolution of this case is governed by the Administrative Procedure Act, and Simmons has never disputed the general legal proposition that, as the proponent of doing so, he bears the burden of showing cause why the Court should consider material outside of the underlying administrative record. As the January 7 order also noted, "allowing Simmons to provide legal justification for his requested relief for the first time in his reply would effectively shift his heavy burden to the [Defendant], forcing it to show, in the first instance, why he is not entitled to consideration of matters outside the administrative record." (Doc# 26, PageID.3311). In so doing, the Defendant would be forced to guess at Simmons's possible rationale(s). This could result in wasted time and effort addressing rationales on which Simmons had no intention of relying. It could also unfairly advantage Simmons, revealing rationales that he was previously not aware of, and/or allowing him to pivot to other rationales if the Defendant preemptively shows the weakness of rationales on which he had intended to rely. Forcing the Defendant to both initially guess at Simmons's rationales, then later address the rationales Simmons actually presents, is hardly "just," nor is it conducive to a "speedy and inexpensive determination."[4]

---

[4] Simmons asserts that "the relevance of the materials sought to be added to the Administrative Record speaks for itself[, and] Plaintiff's reply brief (Doc. 25) is merely supplemental…" (Doc# 27, PageID.3312). The undersigned is dubious of this claim, but even assuming the "relevance" of Simmons's extra-record evidence "speaks for itself" without the need for any supporting explanation, Simmons has cited no authority indicating that extra-record material may be considered in APA cases merely because it is "relevant."

4

Simmons's requested alternative relief—that the Court "clarify its Order to allow materials not available to Defendant at the time of Defendant's decision to be included in support of [Simmons]'s motion for summary judgment" (Doc# 27, PageID.3313)—is due to be denied because it would essentially give Simmons a "second bite at the apple" on his motion for consideration of extra-record materials, in contravention of the case management schedule to which he agreed. In their joint proposed timeline for this case submitted in response to the Court's Preliminary Scheduling Order (Doc# 10), the parties requested that the Court set a deadline for "Plaintiff's Motion to Complete the Administrative Record, Motion for Consideration of Extra-Record Material, or Motion for discovery[,]" "[i]f necessary[,]" with summary judgment deadlines to take effect only after the Court had disposed of motions on completing the record. (Doc# 12, PageID.276). On August 4, 2025, the Court entered a "Case Management Order" that adopted the parties' proposed timeline, setting September 19, 2025, as the deadline on which "the Plaintiff must file and serve any motion to complete the administrative record, any motion for consideration of extra-record material, and any motion for discovery he may wish to make." (Doc# 13, PageID.279). Simmons did not object to that wording, or any other aspect of the Case Management Order.

Thus, the parties proposed schedule and the Court's Case Management Order both clearly indicated that allowing for consideration of extra-record evidence was an issue to be decided separate from, and prior to, summary judgment. The Court will not reward Simmons's failure to take that opportunity seriously, or potentially

5

complicate summary judgment proceedings, by allowing him a second chance to argue that issue.

DONE and ORDERED this the 29th day of April 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**